DUVAL, Respondent, *vs.* LACLEDE COUNTY, Appellant.

1. Under the 6th section of the act concerning the poor, (R. C. 1845,) a party who voluntarily buries a poor person has no legal demand against the county. (SCOTT, J., dissenting.)

*Appeal from Laclede Circuit Court.*

Duval presented to the county court of Laclede county for allowance a demand against the county for attendance upon Mrs. Basney during her last sickness, and for money paid for her funeral expenses. The county court refused to allow the demand, and he appealed to the Circuit Court. At the trial, there was evidence tending to show that Mrs. Basney's husband was a poor person, and that during her last sickness she was carried to the house of Duval and there taken care of ; that the expenses of her burial were paid by him, and that the charges were reasonable. There was no evidence of any re-

quest or promise on the part of the county. Duval obtained a judgment in the Circuit Court, and the county appealed.

*F. P. Wright* and *Gardenhire*, for appellant.

*J. M. Richardson*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The judgment of the Circuit Court is clearly erroneous. Upon the facts of the case, giving them the most favorable construction for the plaintiff, he has no demand against the county that he can enforce as a matter of right in a court of justice. Assuming that the deceased was a poor person of the county, and that the burial of the county poor, as well as their support during life, is embraced in the general duty to take care of them, (the 6th section of the poor law being merely an authority to the county court to apply the county funds at their discretion to the burial of the casual poor that happen to die in the county,) it would be against all principle to allow the plaintiff voluntarily to discharge this duty for the county, and in this manner become its creditor, without its consent, for services rendered, or money expended, in taking care of its poor.

Such volunteer acts create no obligation in any case, without a subsequent express promise, nor even then, unless the party sought to be charged was under a legal obligation to do the act. (*Lampleigh* v. *Brathwait*, 1 Smith's Lead. Cases, 167, and cases referred to in note of Amer. ed. *Atkinson* v. *Banwell*, 2 East, 506.) There are cases in which the law will imply a request on the part of such persons, but this is not a case of that character. (*Lampleigh* v. *Braithwait*, above cited, Am. note, where the cases on this subject are collected.)

Here, the duty of the county to maintain its poor, including within it, as we have remarked, the duty of providing for their burial, when dead, is created by statute, and did not exist before; and the statute that imposes it has provided in what manner and by whom it shall be performed. The county court, upon the knowledge of any of their justices, or upon the information of any justice of the peace, are to make the necessary

26—VOL. XXI.

orders. The providing for the poor of the county is an ad-
ministrative duty imposed upon this tribunal, and we are to
presume they properly discharge their duty ; but if, in any in-
stance, they fail to do so, the remedy is not by the interfe-
rence of private persons, voluntarily providing the relief or do-
ing the act.

The present proceeding, it is true, is not an action at law
against the county, in the ordinary form, but a proceeding un-
der the 1st and 10th sections of the act of 1845, concerning
" county treasurers," but the result is the same. The accounts
referred to in the tenth section, and, upon a disallowance of
which by the county court, an appeal is allowed to the Circuit
Court, must be considered legal demands against the county,
such as would support an action at law, and not matters rest-
ing exclusively in the discretion of the county court over the
county funds, instances of which are to be found in the fifth
and sixth sections of the act concerning the poor.

The judgment of the Circuit Court is reversed, and this court,
proceeding to render such judgment as the Circuit Court ought
to have rendered, affirms the judgment of the county court.

SCOTT, J., dissenting. The sixth section of the act to pro-
vide for the support of the poor, prescribes that the county
court of the proper county shall allow such sum as it shall
think reasonable for funeral expenses of any person who shall
die within the county, without means to pay such funeral ex-
penses. This section, I conceive, makes it the imperative duty
of the county to pay the reasonable expenses of burying its
poor. The law did not intend to give a discretion to the court,
whether it would pay or not. For the sake of humanity, it in-
tended that every man who would bury the decaying bodies of
the poor, should be paid. In such cases, there is no time to
wait—there is no time to consult or ask advice, and therefore
the law promises to pay any one who will bury the body. If
the law was such that the party would only be paid in the event
the county court thought proper to do so, the dead body, in

many cases, might go unburied, or buried in such a manner as would be a disgrace to humanity. The law, out of respect to our mortal remains, assures every one who will bury the body of a poor person, unable to pay his own funeral expenses, that he shall absolutely be paid for it.