————o————

J. B. HANDLIN Defendant in Error, vs. MORGAN COUNTY, Plaintiff in Error.

1. *Support of the poor—Funeral expenses—County not liable for.*—The legislature never intended, by § 6 of the act for the support of the poor, (Wagn. Stat., p. 997–8) that the county should pay the funeral expenses of a man who had sufficient means to bury him at the time of his death, notwithstanding the fact that the administration law might vest all his property in his widow.
2. *Support of the poor—Burial Expenses.*—One who voluntarily buries a poor person, has no legal demand against the county therefor.

*Error to Morgan Circuit Court.*

*Anthony & Reynolds,* for Plaintiff in Error.

*E. L. Edwards & Son, with W. T. Pemberton,* for Defendant in Error: cited Duval vs. Laclede Co., 21 Mo., 396.

ADAMS, Judge, delivered the opinion of the court.

This was a demand presented to the County Court of Morgan County, for an allowance for the burial clothes of one James T. Gorman, who is alleged to have died in that county, without means to pay his funeral expenses. The County Court refused to allow the demand, and the plaintiff appealed to the Circuit Court. The evidence showed that the burial clothes were of the value of twenty-two dollars; that Gorman had a wife and family, and lived in Morgan county, and died in that county; that a few hours after his death his wife sent to the plaintiff for the burial clothes, and the person who went informed the plaintiff that Gorman had no means to pay for them, and that he must charge them to the county; that plaintiff furnished the clothes, and charged them to the

county; that Gorman was a stout, able-bodied man, and had property of every kind after his death, as testified to by the probate judge, which was appraised at about two hundred dollars, and consisted of house-hold and kitchen furniture, and other personal property.

Upon this evidence the Circuit Court refused to instruct that the plaintiff was not entitled to recover, but gave instructions at the instance of the plaintiff, to the effect, that if Gorman died and left no property sufficient to pay the plaintiff's demand, he was entitled to recover.

The defendant excepted to these rulings, and the jury having found for the plaintiff, the defendant filed a motion for a new trial, which was overruled, and the plaintiff excepted. A final judgment was rendered in favor of plaintiff, and the defendant has brought the case here by writ of error.

1. The plaintiff bases his right of recovery against the county upon § 6 of the act for the support of the poor, (1 Wagn. Stat., 997) which reads as follows:

" The County Court of the proper county, shall allow such sum as it shall think reasonable, for the funeral expenses of any person who shall die within the county, without means to pay his funeral expenses."

It is very manifest that the legislature never intended the county should pay the funeral expenses of such persons as had sufficient means to bury them at the time they died. It was certainly contemplated that the widow or family would bury the husband who had left means sufficient for that purpose, notwithstanding the administration law might vest the widow absolutely with the whole of the property so left by him.

Our administration law is very liberal toward the widow. It declares that in addition to dower, she shall be allowed to keep as her absolute property, the family bible and the books not to exceed the value of two hundred dollars; all the wearing apparel of the family; her wheels, looms and other implements of industry; all yarns, cloth and clothing, made up in the family for their own use; all grain, meat, vegetables, groceries and other provisions on hand, and provided and neces-

sary for the subsistence of the family for twelve months; her household and kitchen furniture, not to exceed the value of five hundred dollars. And in addition to the above, the widow may take such other personal property as she may choose, not to exceed the appraised value of four hundred dollars, for which she shall give a receipt. But the property so selected is exempt from the payment of debts or distribution. (See §§ 33, 35, 36, 1 Wagn. Stat., 88.) This enumeration shows that the widow may thus become invested with property to the amount of more than a thousand dollars, which is exempt from the payment of debts. Was it contemplated, that the husband who died possessed of that amount of property, was to be treated as a pauper, and buried at the expense of the county? Did he die without means sufficient to bury him, within the meaning of the 6th section of the Poor law, above quoted?

2. But in Duval vs. Laclede County, (21 Mo., 396) decided at the July Term, 1855, this court gave a judicial construction to the 6th section of the act for the support of the poor. The court held that, "the providing for the poor (including burial) is an administrative duty of the County Court, and we are to presume they properly discharged their duty; but if in any instance they fail to do so, the remedy is not by the interference of private persons voluntarily providing the relief, or doing the act." The matter of providing for the burial of the poor, in the opinion of the court, vested exclusively in the discretion of the County Court.

It is true that Judge Scott dissented from the majority of the court, and if it were a case of the first impression we might be inclined to follow his views. But where a court of last resort construes a statute, and that statute is afterwards re-enacted, or continued in force, without any change in its terms, it is presumed that the legislature adopted the construction given to it by the court. There have been two revisions of our statute laws since the opinion of the Supreme Court referred to was announced, and the section under review was continued and re-enacted in each revision, without any change in its language.

It has been nineteen years since that opinion was delivered, and we are not at liberty to disturb the construction then given to this section, after it has thus been re-enacted and continued in force with this construction, as a part of the law itself. It is for the legislature, and not the courts, to change and enact laws.

Under this view, the judgment of the court is reversed; the other judges concur.