THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant,*
v. LAMKIN, *Collector*

1. **Railroads**: SCHOOL TAXES FOR BUILDING PURPOSES : CONSTITUTION.
Section 6880, as amended by the act of 1885, ( Laws 1885, p. 230 ),
authorizing an increase in the levy of school taxes for building
purposes on the apportionment of the valuation of a railroad com-
pany's roadbed and rolling stock, and empowering the county
court to take the rate of increase for such purposes made in districts
through which the railroad does not run into consideration in fixing
the rate to be levied on the company's property, is not void as
being in contravention of art. 10, sec. 11, of the constitution.

2. —— : —— : INCREASE : CONSTITUTION. The constitution author-
izes the limit of forty cents on the hundred dollars valuation of
railroad property for school purposes to be increased by a vote,
and when it is so increased under the law authorizing an election
to be held for that purpose, the increased rate becomes the con-
stitutional limit the same as if inserted therein.

*Appeal from Saline Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

*G. B. Macfarlane* and *Geo. S. Grover* for appellant.

(1) The rate of taxation on railroad property for
school purposes cannot exceed forty cents on the hun-
dred dollars valuation. Nor can a tax for building pur-
poses for any amount be levied under the constitution
and laws of the state. Const. of Mo. art. 10, sec. 11 ; Acts
1881, p. 200, secs. 1, 2, 3 ; Acts 1883, p. 185. A tax levied
without such vote is void. *State v. Railroad,* 75 Mo. 526 ;
*State v. Railroad,* 74 Mo. 163 ; Laws of 1885, p. 250 ; *State
ex rel. v. Railroad,* 92 Mo. 137. (2) The vote required
must be provided for by distinct legislative authority.
Cooley on Taxation, 244 ; *Pub. Schools v. Patten,* 62 Mo.
444 ; *State v. Halliday,* 66 Mo. 387. (3) The vote
required must be of all the voters of the municipality to

be taxed, or of certain classes of voters specially interested in the tax, etc. Const. sec. 11, art. 10 ; Cooley on Taxation, 245. (4) School taxes on railroad property under the statutes in force for raising the tax is a tax by the county and can only be levied for school purposes proper and cannot exceed forty cents on the hundred dollars valuation. *Apportionment of Taxes*, 78 Mo. 596 ; *School District v. Rhoades*, 81 Mo. 474 ; *State ex rel. v. Railroad*, 92 Mo. 137. (5) There is no provision for levying and collecting a tax on railroad property for building purposes, and the tax levied for that purpose is void. *St. Joseph Schools v. Patten*, 62 Mo. 444 ; *Fusz v. Spaunhorst*, 67 Mo. 256 ; *State v. Railroad*, 74 Mo. 163. (6) If the tax in excess of forty cents is void, for the same reason in making the average rate no district should be "added" at a rate exceeding forty cents. A partial vote will not be sufficient to answer the positive requirements of the constitution.

*A. F. Rector* for respondent.

(1) The apportionment of the valuation of the railroad property certified to the county clerk for taxation in Saline county can be taxed for "school purposes" proper at a rate exceeding forty cents on the hundred dollars, and said valuation so certified is also subjected to a tax for building public buildings in school districts. Const. of Mo. art. 10, secs. 1, 3, 5, 11, 12 ; R. S. sec. 6880, amended Laws 1885, p. 230 ; *State ex rel. v. Railroad*, 74 Mo. 163 ; *State ex rel. v. Railroad*, 75 Mo. 526 ; *State ex rel. v. Railroad*, 83 Mo. 393 ; *Apportionment of Taxes*, 78 Mo. 596 ; *School District v. Rhoades*, 81 Mo. 474 ; *State ex rel. v. Railroad*, 92 Mo. 137. (2) The legislature has power to enact the statutes providing the manner of assessing and levying taxation on the railroad property. *Railroad v. State*, 6 Sup. Rep. 64 ; *Apportionment of Taxes*, 78 Mo. 596 ; *School District v. Rhoades*, 81 Mo.

474; *State ex rel. v. Railroad*, 83 Mo. 393 ; *State ex rel. v. Railroad*, 92 Mo. 137.

NORTON, C. J.—The state board of assessment and equalization of railroad property certified to the county court of Saline county for taxation, the valuation of the apportionment to said county of defendant's roadbed and rolling stock amounting to the sum of $568,607.19. The county court levied a tax of 39⅔ cents on the one hundred dollars of this valuation. The tax at said rate amounted to $2,255.48. The said rate of tax was ascertained by adding together the rates levied by each of the school districts in the county and then dividing the sum thereof by the whole number of school districts. It is admitted that some of said school districts, through which the roadbed of defendant did not run, had voted at elections properly held to increase the rates therein, for school purposes, above the limit of forty cents on the one hundred dollars of valuation. The county court also levied a tax of 5¾ cents on the one hundred dollars of said valuation for public buildings in the school districts amounting to $326.95. The taxes so levied, for "school purposes" and building purposes, aggregated the sum of $2,582.43. The said rate for building purposes was ascertained by taking the average of the rates levied in the districts of the county for buildings in school districts. It is conceded that these rates and levies were made in conformity with section 6880, R. S. 1879, as amended by the Laws of 1885, p. 230.

Plaintiff paid all of the said taxes except three hundred dollars, and instituted this proceeding by injunction against the collector of said county to restrain him from the collection of said sum upon the alleged ground that so much of the levy as was made for building purposes was illegal and void. The trial court dismissed the bill, gave judgment for defendant and plaintiff appealed therefrom, and the real question presented by the appeal is: Did the county court have

the right under the constitution and existing laws to levy a tax on the apportionment of the valuation of defendant's roadbed and rolling stock, at the rate of 5¾ cents on the one hundred dollars valuation for public buildings erected in school districts where tax rates had been voted for that purpose in districts through which defendant's road did not run? The existence of this power is affirmed by defendant, and denied by plaintiff.

The constitution provides in section eleven, article ten, among other things, that the annual rate of taxation on property for school purposes shall not exceed forty cents on the one hundred dollars valuation; "provided, the aforesaid annual rates for school purposes may be increased in districts formed of cities and towns to an amount not to exceed one dollar on the hundred dollars valuation; and in other districts not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters who are taxpayers voting at an election held to decide the question vote for said increase. For the purpose of erecting public buildings * * * in school districts, the rates of taxation herein limited may be increased, when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and two-thirds of the qualified voters of such * * * school district voting at such election shall vote therefor."

In the case of *State ex rel. v. Railroad*, 83 Mo. 395, while it was held that Revised Statutes, section 6880, authorized the levy of a tax for school purposes on the apportioned valuation of the roadbed and rolling stock of a railroad company, first ascertaining the rate of such tax by adding together the local rates of the several school districts in the county and dividing the sum thus ascertained by the whole number of districts, it was also held that said section did not authorize the levy of a tax on such valuation for public buildings in

school districts.    In 1885 (Laws 1885, p. 230) the legis-
lature, to supply this omission, so amended said section
6880 as to authorize the county to ascertain the average
rate of taxation levied for the erection of public build-
ings by the several local school boards or authorities of
the several school districts throughout the county.    Such
average rate levied for the erection of public buildings
shall be ascertained by adding together the local rates
of the districts in the county levying a tax for the erec-
tion of public buildings and by dividing the sum thus
ascertained by the whole number of districts in the
county, and the clerk shall cause to be charged to said
railroad companies, taxes for the erection of public build-
ings at said average rate on the proportionate value of
said railroad property so certified to the county court
under the provisions of this article and the county court
shall apportion the said taxes for the erection of public
buildings so levied and collected among the several
school districts levying such taxes in proportion to the
amount of such taxes so levied in each district.

It is conceded in this case that the rate of tax
levied on defendant's property both for school and
public building purposes was ascertained in the mode
prescribed by the legislature in said section 6880, as
amended.    But it is insisted by appellant's counsel that,
inasmuch as it is contemplated by the constitution that
where the rate of taxes has been increased for the erec-
tion of public buildings in a school district, such rate
shall be levied on property in the district voting the
increase, the law authorizing the county court to take
such rate of increase, made in districts through which
defendant's road does not run, into consideration in fix-
ing the rate to be levied on defendant's road for public
buildings so erected is invalid and void.    And in sup-
port of this contention, we have been cited to the case
of *Wells v. City of Weston*, 22 Mo. 384, where it is held
that the legislature cannot authorize a municipal cor-
poration to tax for its local purposes lands lying beyond
the corporate limits.

The principle announced in the above case was held not to apply to the assessment and levy of taxes on railroads, in *In re Apportionment of Taxes*, 78 Mo. 596, which was a case where the constitutionality of an act of the legislature was called in question, which authorized county courts in levying school taxes on the assessed valuation of a railroad bed and rolling stock, to levy for school purposes the average rate of taxes levied for school purposes by the several local school districts through which each railroad runs, and which required the tax so levied to be apportioned to the other school districts of the county as well as the districts through which the road ran in the proportion the number of children in each district bore to the whole number of children in said county. There were sixty-nine districts in the county and the railroad passed through twelve of them. It was contended that the act of 1875 which authorized the levy and distribution of the tax was unconstitutional in that it gives a proportion of the tax levied on property in one township to other townships, and the case of *Wells v. The City of Weston*, *supra*, was cited as authority in support of the contention ; and it was distinctly held in the above case, that the roadbed of a railroad is chiefly valuable as an entirety, and its subdivisions within the limits of a county or school district are not to be treated as local property under the act of 1875, for the assessment and distribution of railroad taxes ; that school taxes on such roadbed apportioned to a county are properly distributed to the school districts therein, in the proportion that the number of school children in each school district bears to the whole number in the county, and the act providing for such distribution is not unconstitutional as giving a portion of the taxes levied upon the property in one district to another.

While section 6880, R. S. 1879, changes the method for ascertaining the average rate of school taxes to be levied on railroads, it does not affect the principle

announced in the above case. The doctrine announced in 78 Mo. *supra*, has been affirmed in cases of *School District v. Rhoades*, 81 Mo. 474, and *State ex rel. v. Railroad*, 92 Mo. 137. In the last case above cited, where so much of said section 6880 as related to the method of ascertaining the average, rate of taxes to be imposed on railroads for school purposes was under discussion, the constitutionality of which was challenged it is said: "It is provided by said section 11, article 10, among other things, that 'for school purposes the annual rate on property shall not exceed forty cents on the one hundred dollars valuation.' The statute in question would only be violative of said section, and even in that case only to the extent of such excess." And it is further said: "It is certainly within the power of the legislature to authorize the imposition of school taxes on the property of defendants, and considering the nature of its property, and the fact as stated in 78 Mo. 596, 'that the roadbed is chiefly valuable as an entirety,' that its aggregate value is made up because of its continuity, that the portion of a railroad in a county, when considered as disconnected with a continuous line, would in most cases be of little or no value, considering these things in connection with the further fact that the rolling stock of defendant, constituting a large and valuable part of its property, cannot be localized in any one county, it being from its very nature constantly changing from one county to-day and another to-morrow, we cannot say that said section 12 is violative of the fourteenth amendment, inasmuch as under the construction we put upon it the average rate to be applied to defendant's property must not exceed the limit prescribed in the constitution."

If, as is held in the cases cited, that the law prescribing the method of ascertaining the rate of tax to be levied on the valuation of a railroad apportioned to a given county for "school purposes" is valid and constitutional, it necessarily and logically follows that

the law prescribing the method of ascertaining the rate of tax to be levied on for "building purposes," in school districts is also valid. For it is in contemplation of the constitution that both the tax authorized to be levied for school purposes as well as the tax for building purposes should be levied on property in the districts fixing the rates for such purposes.

Express power is given by section 5, article 10, of the constitution to tax all railroad corporations for school purposes, and in the exercise of this power it is competent for the legislature to classify such property for purposes of taxation, the principal restriction being that the tax shall be uniform upon the same class of subjects within the territorial limits of the authority imposing the tax, and that such tax shall be levied and collected by general laws.

The case in 92 Mo. *supra*, is cited by counsel as holding that in no case can the rate of taxes on the valuation of a railroad for school purposes exceed forty cents on the one hundred dollars valuation. This is a misapprehension. It is there held that if the law under which the tax imposed in that case, authorized a rate of tax to be levied in excess of the limit prescribed by the constitution, that it would be invalid, and what is there said with reference to the constitution having fixed the limit at forty cents on the one hundred dollars valuation, was said without reference as to whether that rate had been increased by a vote as therein authorized.

As the constitution authorizes said limit of forty cents on the one hundred dollars valuation, to be increased by a vote, when it is so increased by such vote under the law authorizing an election to be held for that purpose, the limit of forty cents is moved up to such increased rate by the very terms of the constitution, and such rate so increased is as much a limit prescribed by the constitution as if inserted therein. Judgment affirmed, in which all concur, except RAY, J., absent.