# THE STATE ex rel. GOTTLIEB, Collector, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

## In Banc, March 26, 1901.

1. **Taxation of Street Railways:** ACT OF 1897: APPLICATION. The Act of March 11, 1897, entitled "An Act to provide a more uniform assessment and taxation of street railroads in cities in this State," applies to a street railway company whose line of road is partly within a city and partly outside the limits of such city.

State ex rel. v. Metropolitan Street Ry. Co.

2. ——: ——: DESCRIPTIVE WORDS IN STATUTE. The words, "in cities," in the title and in the body of the act, are words of description, and do not have the effect of limiting the terms of the text as a whole. Those words were not intended to limit the act to street railways whose lines are wholly within the limits of a single city.

3. ——: ——: MANNER OF ASSESSMENT: SCHOOL PURPOSES: STEAM RAILROADS. Assessment made in the manner required by said act are not void, simply because it contains a clause requiring street railway property to "be assessed and taxes thereon levied and collected in the manner now provided by law for the assessment and taxation of other railroad property." It is true that the law then in force concerning a steam railroad required the State board of equalization to assess as an entirety the roadbed, rolling-stock and its other distributable property and apportion that valuation to the several counties, and left its local property to be assessed by the local authorities, whereas this act requires *all* the street railway's property to be assessed by the State board. It is also true that the law requires school taxes against the distributable property of a steam railroad, so apportioned to each county, to be levied at the *average* rate of taxation levied by the several school districts in the county. But the dominant idea of the Act of 1897 is that all the property of a street railroad "shall be subject to taxation......to the same extent as the real and personal property of private persons," and hence an assessment of *all* the property of a street railway by the State board is not void, nor is the levying of the same rate of taxation on its property in each school district as was levied upon the property of private persons therein.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates,* Judge.

AFFIRMED.

*Frank Hagerman, Daniel B. Holmes* and *Willard P. Hall* for appellant.

(1) There was no lawful assessment of defendant's property. The assessment, as expressly charged in the petition was made in pursuance of the Act of 1897. Laws 1897, pp.

215, 216. That assessment was absolutely null and void for two reasons: First, the act does not apply to the defendant. (a) Because the defendant's line of railroad is not located solely in a city, but extends not only through the streets of Kansas City, but from the limits of said city through country portions of the county to the villages of Independence and Westport. The act by its very terms is confined to street railroads located in a single city. (b) Because defendant's line of railroad is located in some considerable part in the country, outside of all cities, towns and villages. The act by its very terms does not, nor by any possible construction can it be made to apply to any street railroad outside of a city. See section 1 thereof. (c) The assessment included the property outside of the cities as well as that inside of them. This clearly vitiated the entire assessment. Second, this act is unconstitutional and void. (a) It applies to street railroads in cities alone. The title of the act so recites. The language of the act expressly so provides. Street railroads of the State, which for purposes of taxation constitute a single class, are thus divided into two classes, and one tax is imposed upon one, and another tax upon the other. This taxation is not uniform. The same tax must be imposed upon all members of the same class. Art. 10, sec. 3, Constitution; Brookfield v. Toocy, 141 Mo. 619; State v. Switzler, 45 S. W. 245; Worth v. Railroad, 89 N. C. 291; Gatlin v. Tarboro, 78 N. C. 119; Cooley on Taxation, 194; State v. Burchart, 144 N. W. 83; Kentucky Railroad Tax Cases, 115 U. S. 337; 23 Ency. of Law, 941; Elliott on Roads and Streets (2 Ed.), sec. 732. (b) The Constitution of the State requires that all property must be taxed in proportion to its value. Art. 10, sec. 4. (c) The Constitution prohibits the enactment of local or special laws in a large number of

enumerated cases.    Art. 4, sec. 53.    A law is special that applies only to a portion of the members of the same class.    A general law applies to all members of any given class, and unless the law does so apply it is special.    Dunne v. Railroad, 131 Mo. 1, and cases cited.    (2)    The levy was unlawful. Even if the assessment was lawful, it does not follow that the tax is valid.    There must also have been a lawful levy.    Now, we insist that the levy was unlawful.    The assessment was made in pursuance of the Act of 1897, and in the manner provided by statute for assessing the property of railroads generally; that is to say, by the state board of equalization. But the levy was made by the county court in the same manner that it levied school taxes against property of individuals, which had been valued by the county assessor.    The school taxes sued for in this case are absolutely illegal, null and void, because, if such concessions be correct in law and in fact, then, by very reason of them, the levy should have been made by the county court in the same manner that the statute required school taxes to be levied against railroad property. It was unlawful to assess defendant's property like railroad property, and to tax it like the property of an individual.    This question lies in a very small compass, and depends upon the construction of sections 2 and 3 of the Act of 1897.

*Hunter M. Meriwether* for respondent.

(1) The Act of March 11, 1897, is constitutional, and the assessment is valid.    It seems almost unnecessary to refer to this point, as the act was passed upon directly by the court in Banc in the case of State ex rel. Board of Equalization v. Southwest Missouri Electric Railway Co.    This was a test case brought by the street railroads at the time the board of equalization first undertook to assess them.    The opinion was ren-

dered by the court orally, and I believe has never been put in written form.    Appellant seems to be confused by the language of the act in that it provides for the assessment and taxation of street railroads "in cities in this State."    Appellant thinks that the act would apply only to a street railroad which existed wholly inside of a city, and had none of its property outside of a city, but there is no such language used, and no reasonable construction could read the act in this way.    A street railroad is essentially a product of cities, because streets exist only in cities.    We never speak of a passageway in the country as being a street, though it may be to all essential purposes the same.    It is probably true that every street railroad has its home in a city; it is organized to do business in a city.    The act does not mean to limit its application to street railroads in cities, which have all their property located in such cities.    In this case it would probably be inapplicable to any street railroad in the State.    (2) The levy of the tax is valid.    Section 9364, Revised Statutes 1899, provides how school taxes shall be levied against the property of railroads. It will be seen on the reading of this statute, and the other sections of the railroad tax law, that the property of steam railroads is divided into two distinct classes, one of which is known as the distributable property of the railroads and the other as the local property.    The school rate to be levied upon the distributable property is the average rate for school purposes levied by the various school districts throughout the county, while the rate to be levied upon the local property is the same rate as that levied upon the property of private persons in the school district where the property is located.    The county court of Jackson county, in making the levy in this case, exercised the very greatest care in order to make no mistake.    The written opinion was taken of the county counsellor and of the Attorney-General of the State, and the levy was made in accord-

ance with these opinions.   It was held that inasmuch as the act
under which the levy was being made against the property of
street railroads provided that said property should be "subject
to taxation to the same extent as the real and personal property
of private persons," and inasmuch as the property owned by
the street railroad was essentially local property, the levy to be
made upon such property should be the local rate levied in the
several districts where the property owned by the said street
railroads was located.   The levy was made in this way, and
this is the act most complained of by the appellant.   In Jack-
son county there are 116 school districts, and many of these out-
lying districts have a very small tax rate.   If the average rate
of the school districts is taken, the school tax against the de-
fendant would be about one-half of the amount it is with the
levy made according to the local rate of the district in which
the property is situated.   But if the average rate were taken,
it would follow, as a matter of course, that the tax raised in
this way should be distributed to the several districts in the
county; that is to say, the Metropolitan Street Railroad, which
exists only as a citizen of Kansas City, Missouri, so made by its
charter and business offices, would pay to the school district of
Kansas City a very small part of its taxes, while the districts in
the surrounding country, some of which are twenty to thirty
miles distant from the most extended branch of the said Metro-
politan Street Railroad, would all receive a part of these school
taxes.    There is no reason for any such ruling except that it
would reduce the taxes of the Metropolitan Street Railroad
Company.   The property of street railroads is essentially local,
and we contend that it ought to be taxed just as the local prop-
erty of steam roads is taxed and the local property of private
persons is taxed.    Sec. 9364, R. S. 1899 ; State ex rel. v. Rail-
road, 92 Mo. 155.   We contend that a construction which

would place the property of street railroads under the class of distributable property would be a violation of the Constitution, and that even if the act itself contained nothing to indicate on this point, such a construction would not be warranted.    In the matter of apportionment of railroad school taxes, see 78 Mo. 596; Railroad v. Lamkin, 97 Mo. 501.

BRACE, J.—This is an action in the name of the State by the collector of the revenue of Jackson county, to recover delinquent taxes for the year 1898, assessed and levied on the property of the defendant in that county, as follows:

For school taxes, of the school district of Kansas
    City ............... ............... ......$9,233.56
For school taxes for the school district of Independ-
    ence ............... ............... .....   117.19
For school taxes for the school district of Westport..   384.23
For school taxes for district No. 4-49-33..........    24.97
For school taxes for district No. 3-49-33.........   117.78
For school taxes for district No. 9-49-32..........    94.02
For school taxes for district No. 2-50-32..........   181.57

amounting in the aggregate to the sum of $10,153.32, for which amount, with interest, penalties and costs, the plaintiff obtained judgment in the circuit court, and the defendant appeals.

These taxes were assessed and levied in pursuance of the provisions of an act of the General Assembly approved March 11, 1897, entitled "An act to provide a more uniform assessment and taxation of street railroads in cities of this State," which is as follows:

"Section 1.    On or before the first day of January in each year, the president or other chief officer of every street railroad company in every city of this State whose line is now or shall hereafter become so far completed and in operation as to run

horse cars, electric cars, cable cars or cars propelled by any other device for the transportation of passengers, shall furnish to the State Auditor a statement, duly subscribed and sworn to by said president or other chief officer, before some officer authorized to administer oaths, setting out in detail the full length of the line, so far as completed, including branch or leased lines, the entire length in this State, the length of double or side tracks, the length of such line located upon real estate to which such company may have title as right of way, the length of such line located upon the public streets or thoroughfares of any city, together with all cars, motors, grip cars, live-stock, electric trolly wires, cables, cable conduits, power houses, stables and all other property, real, personal or mixed, owned, used or leased on the first day of June, which may be used in or incident to the operation of such street railroad, the length of such line in each county, municipal township and city through or in which it is located, and the cash value of the several items embraced in the statement.

"Sec. 2.   The said property returned to the state auditor, as by the first section of this act required, shall be subject to taxation for state, county, municipal and other purposes to the same extent as the real and personal property of private persons, and the same shall be assessed, apportioned, certified and the taxes thereon levied and collected at the time and in the manner which is now or may hereafter be provided by law for the assessment and taxation of other railroad property.

"Sec. 3.   It being the purposes of this act to make the property of street railroads in cities assessable and taxable in the same manner which is now or may hereafter be provided by law for the assessment and taxation of other railroad property, all acts and parts of acts inconsistent or in conflict herewith, are hereby repealed."

Kansas City is the domicile of the defendant and the seat

of its plant. The city of Westport is contiguous thereto, and the city of Independence is in the vicinage thereof. The line of defendant's railroad is located on the streets and thoroughfares of those cities, and between Kansas City and Independence passes over territory not within the corporate limits of either of those cities.

(1)    The first contention of the defendant is, that by reason of the fact that the whole of the defendant's line of railroad is not in a single city, and part of it not within the limits of any city, the law does not apply to the defendant or its property. This contention seems to be based upon the use of the words "in cities" in the title and text of the act. The purpose of the act, evident upon its face, is to provide a uniform system for the assessment and taxation of that class of property known as "street railroads," and to this end the act requires that the chief officer "of every street railroad company in every city of this State" furnish the State Auditor with a sworn statement of the length of its line of railroad "in this State," its length "in each county, municipal township and city through or in which it is located," its length upon real estate to which the company has "title as right of way," and the length of such line located upon "the public streets or thoroughfares of any city," together with all other property, real, personal or mixed, "used in or incident to the operation of such street railroad." The property thus returned is the property for the assessment and taxation of which this act makes provision.

That the defendant is "a street railway company in a city of this State" is beyond question. That the property of such a company comes within the provisions of this act, not only when its line is located on "the public streets and thoroughfares" of a single city, but also when located on the public streets and thoroughfares of any city, one or more, "through or in which it is located" and also when its line may be extended

on its "right of way" through or into "a municipal township not within the limts of such cities," is a fair and reasonable construction of this act. The words, "in cities," in the title, and in section 3 of the act were evidently used as words of description and ought not to have the effect of limiting the terms of the text as a whole. This act is applicable to the defendant's street railroad, and being applicable as well to all other street railroads existent in this State, is not obnoxious to the constitutional inhibitions of class legislation, and this also disposes of defendant's second contention.

(2) The defendant's main contention, however, is that these school taxes are void for the reason that they were not assessed and levied in accordance with the provisions of this act, the second section of which requires that the property so returned to the Auditor "shall be assessed, apportioned, certified, and taxes thereon levied and collected, at the time and in the manner which is now or may hereafter be provided by law for the assessment and taxation of other railroad property," and the third section of which declares the purpose of the act to be to make the property of street railroads "assessable and taxable in the same manner which is now or may hereafter be provided by law for the assessment and taxation of other railroad property." 'And it is on these provisions of the act that this contention seems to be based. By the law for the assessment and taxation of other railroads (Art. 8, Cap. 138, 2 R. S. 1889), the property of such railroads for the purposes of taxation is divided into two classes. One, consisting of the roadbed, rolling-stock and other movable property, may, for convenience, be designated as distributable property. This class is returned by the company to the Auditor, assessed as an entirety by the State Board of Equalization, and the value thereof apportioned to the several counties, cities, towns, villages and municipal townships in which such railroad is located, and the

assessment certified to the county courts. [Secs. 7718 and 7727.] The other class, which may be designated as local property, embracing all other property of such railroads and which is not returned to the Auditor, is assessed by the local authorities as other local property is assessed. [Sec. 7728.] Upon these assessments the county courts levy the taxes authorized by law. [Secs. 7728 and 7731.]

Now by the first section of the Act of March 11, 1897, *all* the property of a street railroad is required to be returned to the auditor, and this is the property which by this act the State Board of Equalization is required to assess, apportion and certify to the county courts, in the manner provided by law, for the assessment of other railroad property. The only manner provided by law for that board to assess the property of other railroads, was that prescribed for the assessment of the *distributable* property of such railroads, and that is necessarily the manner required by this act for the assessment of the *whole* property of a street railroad. The defendant's railroad was assessed, the assessed value apportioned and certified to the county court in that manner, and hence assessed in accordance with the requirements of the act. Prior to this enactment the whole property of a street railroad was subject to assessment for taxes, by the local authorities. The effect of this act in that respect was simply to change the assessing authority from them to the State Board of Equalization, and we know of no reason why this might not have been done. This brings us to the levy.

The manner provided by law for the levy of school taxes upon the property of other railroads is as follows:

"For the purpose of levying school taxes, . . . . in the several counties of this State, on the roadbed, rolling-stock, and movable property of railroads in this State, the several county courts shall ascertain from the returns in the office of the county

State ex rel. v. Metropolitan Street Ry. Co.

clerk the average rate of taxation levied for school purposes, .... by the several local school boards or authorities of the several school districts throughout the county.   Such average rate for school purposes shall be ascertained by adding together the local rates of the several school districts in the county, and by dividing the sum thus obtained by the whole number of districts levying a tax for school purposes, and shall cause to be charged to said railroad companies taxes for school purposes at said average rate on the proportionate value of said railroad property so certified to the county court by the State Auditor, · .... and the said clerk shall apportion the said taxes for school purposes, so levied and collected, among all the school districts in his county, in proportion to the enumeration returns of said districts; provided, that all lands, workshops, and warehouses, and other buildings and personal property belonging to such railroad company lying in any school district, shall be taxed at the same rate as other property in such district, and the school taxes .... thereon shall go to the district in which such lands, depots, workshops, or buildings are situate." [Sec. 7732, supra.]

The defendant's contention is, that, as the whole of its property was assessed under this act, in the manner that the distributable property of steam railroads is required to be assessed, the school taxes ought to have been levied thereon at the rate prescribed by the statute for that class of the property of such railroads, that is, at the average rate of the several school districts throughout the county, instead of, as they were, at the rate levied upon other property in each district, and that if the school taxes had been so levied they would have been several thousand dollars less than they are.

There would be much force in this contention, if the law went no further than the clauses we have been hitherto specifically considering, but this contention and the argument in sup-

port of it leaves out of view the first clause of section 2, containing the dominant idea of that section, which is: "The said property returned to the State Auditor as by the first section of this act required, *shall be subject* to taxation for state, county municipal and other purposes *to the same extent* as the real and personal property of private persons."

This clause of the act furnishes a complete and satisfactory answer to the argument in support of this contention. The only way that defendant's property could be subjected to taxation for school purposes to the same extent as the property of private persons, was by levying the same rate therefor on its property in each district as was levied upon the property of private persons. At these rates the taxes sued for were levied, and having been, as we have seen, assessed and levied in accordance with the requirements of this act, the judgment of the circuit court ought to be affirmed, and it is accordingly so ordered.

All concur.