KANSAS CITY PUBLIC SERVICE COMPANY, Appellant, v. JOHN R. RANSON, As Collector of The Revenue of Jackson County.—41 S. W. (2d) 169.

Court en Banc, July 29, 1931.

*Watson, Gage, Ess, Groner & Barnett* for appellant; *Robert W. Otto, Henry N. Ess* and *Powell C. Groner* of counsel.

528

*E. H. Wright, H. L. McCune* and *McCune, Caldwell & Downing* for respondent.

ATWOOD, C. J.—This is an appeal from a judgment in favor of John R. Ranson, Collector of the Revenue of Jackson County, for an unpaid balance of school taxes amounting to $61,885.62, alleged to be due him for the year 1929 in his answer and cross-petition filed in an injunction suit prosecuted by Kansas City Public Service Company, appellant herein. This company is a corporation organized under the laws of Missouri relating to street railroads, and owns and operates a street railway system in Jackson County, Missouri, in which county the cities of Kansas City and Independence are located.

The principal question in the case is the rate of levy for school taxes properly applicable to appellant's property used in or incident to the operation of its street railroad, and returned to, assessed, apportioned and certified by the state tax authorities. Appellant's property not used in or incident to such operation was assessed separately by the local tax authorities and is not involved in this case.

The statute primarily involved is an Act of the General Assembly, approved March 11, 1897 (Laws 1897, p. 215), which was construed in the case of State ex rel. Gottlieb, Collector, v. Metropolitan Street Railway Company, 161 Mo. 188, 61 S. W. 603, and is now embodied in Revised Statutes 1929 as Sections 10018, 10019, 10020.

The property here in question is located in four school districts in Jackson County and school taxes thereon were levied as follows: On the property alleged to be apportioned to the Kansas City School District, at the *local* rate for that district of $1.15 per $100 valuation; on the property alleged to be apportioned to the Independence School District, at the *local* rate for that district of $1.61 per $100 valuation; on the property alleged to be apportioned to the Washington and Westport school districts, at the *average* rate of all the school districts (86 in number) in Jackson County of $.6336 per $100 valuation—resulting in an aggregate school tax levy against appellant's said property of $137,982.41. Appellant tendered to respondent school taxes upon its said property in Jackson County levied at said average rate of $.6336 per $100 valuation, aggregating $76,096.79, as the amount of school taxes properly due under said Act of 1897.

Upon respondent's refusal to accept this amount, and upon his demand for payment of such school taxes at the local rates for the Kansas City and Independence school districts and at the average rate for the Washington and Westport school districts, to-wit, said sum of $137,982.41, this suit was instituted by said Service Company, wherein it prayed that the alleged balance of $61,885.62 be adjudged illegal, invalid and void and its collection restrained. A temporary

restraining order was issued, under which said sum of $76,096.79 was paid before delinquency, without prejudice to the right of respondent to sue for the balance or of appellant to resist further payment.

In appellant's statement of the case, which respondent admits is substantially correct, the pleadings and judgment are thus epitomized:

"(1) That the tax of $61,885.62 was excessive, illegal and void for the reason that the same exceeds the '*average rate for school purposes*' which was the highest rate under the statutes of this State which could be levied upon the distributable property of appellant for school purposes.

"(2) That the taxing authorities and respondent were cognizant of the fact that under the laws of this State, the distributable property of appellant could not be taxed for school purposes at a greater rate of tax than that imposed upon the distributable property of railroad companies and the property of telephone and telegraph companies, electric light and power companies, electric transmission lines and oil pipe-lines for the same purpose, but despite said facts, respondent and said taxing authorities were, deliberately, arbitrarily, unlawfully and wholly without warrant or authority of law, attempting to collect and enforce the payment of said invalid tax.

"(3) That by applying the local rates for school purposes to the distributable property of appellant instead of the *average rate for school purposes,* while the distributable property of railroad companies and the property of telephone and telegraph companies, electric light and power companies, electric transmission lines and oil pipe-lines was taxed at the *average rate for school purposes,* regardless of whether the property of such companies was located wholly in one school district or in two or more school districts, appellant would be subjected to a wrongful, unlawful and unjust discrimination.

"(4) That by reason of appellant's distributable property, under the laws of this State, being classified in the same class as the distributable property of railroad companies and subject to taxation in exactly the same manner as the distributable property of railroad companies and the property of telephone and telegraph companies, electric power and light companies, electric transmission lines and oil pipe-lines, said tax being in excess of that levied against the companies last named at the same time and for the same purpose, the same ownership and use, is not uniform and is therefore illegal and void and in contravention of Section 3, Article X, of the Constitution of Missouri.

"(5) That the distributable property of appellant is not taxed for school purposes in relation to its value as is required by Section 4, Article X, of the Constitution of Missouri.

"(6) That the alleged balance of said school tax, to-wit, the sum of $61,885.62, was levied wholly without warrant or authority in law and is, therefore, illegal and invalid and the collection thereof will deprive appellant of its property without due process of law, in contravention of Section 30, Article II, of the Constitution of Missouri.

"(7) That by the imposition of said excessive school tax appellant is deprived of its property without due process of law and is denied the equal protection of the laws, in contravention of Section 1 of the Fourteenth Amendment of the Constitution of the United States, on account of the fact that said alleged balance of school tax represents a greater tax upon its property, for school purposes, than is levied upon the distributable property of railroad companies, and the property of telegraph and telephone companies, electric power and light companies, electric transmission lines and oil pipe-lines, even though the property of appellant must, under the laws of this State, be taxed in exactly the same manner as the property of such companies.

"(8) That by the imposition of said tax, appellant is subjected to arbitrary, undue, excessive, discriminatory and unequal taxation through application of the local rates instead of the *average rates for school purposes,* when appellant's property is of the same general character, nature and use under the laws of this State as the distributable property of railroad companies and all property of telegraph and telephone companies, electric power and light companies, electric transmission lines and oil pipe-lines, and by reason thereof appellant is denied the equal protection of the laws and is deprived of its property without due process of law, in contravention of Section 1 of the Fourteenth Amendment of the Constitution of the United States.

"It was charged that respondent was threatening to seize the property of appellant to enforce the collection of said invalid tax, and was seeking to impose upon appellant heavy penalties, costs and attorney's fees. The petition prayed that the court enter a decree, adjudging that respondent be enjoined and restrained from collecting said tax and that the court order, adjudge and decree that said tax be adjudged invalid and appellant not indebted therefor.

"Respondent filed an answer and cross-petition in which, after denying the allegations of the petition, respondent prayed for judgment for the balance of said school tax and for interest, penalties and attorney's fees. *Said cross-petition was in the form required by Section 13041, Revised Statutes 1919, for the collection of delinquent railroad taxes.*

"Appellant's reply denied the allegations of the cross-petition and asserted the same defenses against the collection of the tax as were contained in the amended petition.

"The case came on regularly for hearing on the merits, March 4, 1930, and was tried upon the Stipulation of Facts and Exhibits 1 to 7 thereto, both inclusive, found in the record between pages 56 and 57 thereof, and certain oral testimony offered. Appellant contended that the evidence established the allegations of both the amended petition and the reply, to-wit—that the school tax levied against appellant was void for the reasons therein charged—and showed that all of the steps provided by the statutes of this State for taxing distributable railroad property were followed in assessing, apportioning, certifying and taxing appellant's property, *except* that in making levies for school purposes the local rates of the Kansas City and Independence school districts, instead of the average rate of all the school districts in the county levying school taxes, were applied.

"The court below rendered judgment dissolving the temporary restraining order, denied the relief prayed for in the amended petition, dismissed the amended petition and rendered a judgment against appellant on the answer and cross-petition in the sum of $61,885.62, the alleged balance of said school tax. While no opinion was rendered, it seems proper to state that appellant's counsel called the *Gottlieb* case to the attention of the court and questioned its soundness, but the court indicated that he would follow that decision without more."

Appellant's first point is as follows:

"By virtue of the Act of 1897 (now Secs. 13020-2, R. S. 1919) the property of street railroad companies must be assessed, apportioned and certified, and taxes levied thereon, in the same manner as is provided by law for the assessment, apportionment, certification and levying of school and other taxes on the property of railroad companies. The decision of this court in State ex rel. Gottlieb v. Metropolitan St. Railway Co., 161 Mo. 188, in holding that the 'dominant idea' of said act was the provision that street railroad property should be taxed to the same extent as the property of private persons, thereby precluding application of the *average rate* in levying *school* taxes on street railroad property, although such average rate is applied to railroad property (Secs. 13030-1, R. S. 1919), was erroneous. Said provision merely subjected street railroad property to taxation. The manner of levy was to be as prescribed for railroad property, including application of the average rate in determining school taxes."

The Act of 1897 was entitled, "An act to provide for the more uniform assessment and taxation of street railroads in cities of this State." It has been carried through the various revisions without material change and appears in Revised Statutes 1929, as follows:

Sec. 10018. "On or before the first day of January in each year, the president or other chief officer of every street railroad company in every city of this state whose line is now or shall hereafter become so far completed and in operation as to run horse cars, electric

cars, cable cars or cars propelled by any other device for the transportation of passengers, shall furnish to the state auditor a statement, duly subscribed and sworn to by said president or other chief officer, before some officer authorized to administer oaths, setting out in detail the full length of the line, so far as completed, including branch or leased lines, the entire length in this state, the length of double or sidetracks, the length of such line located upon real estate to which such company may have title as right of way, the length of such line located upon the public streets or thoroughfares of any city, together with all cars, motors, grip cars, live stock, electric trolley wires, cables, cable conduits, power houses, stables and all other property, real, personal or mixed, owned, used or leased on the first day of June, which may be used in or incident to the operation of such street railroad, the length of such line in each county, municipal township and city through or in which it is located, and the cash value of the several items embraced in the statement."

Sec. 10019. "The said property returned to the state auditor, as by section 10018 required, shall be subject to taxation for state, county, municipal and other purposes to the same extent as the real and personal property of private persons, and the same shall be assessed, apportioned, certified and the taxes thereon levied and collected at the time and in the manner which is now or may hereafter be provided by law for the assessment and taxation of other railroad property."

Sec. 10020. "It being the purposes of the two preceding sections to make the property of street railroads in cities assessable and taxable in the same manner which is now or may hereafter be provided by law for the assessment and taxation of other railroad property all laws and parts of laws inconsistent or in conflict therewith are hereby repealed."

The Gottlieb case, supra, decided March 26, 1901, was a suit by the Collector of the Revenue of Jackson County to recover delinquent taxes for the year 1898 assessed and levied on the property of Metropolitan Street Ry. Co., a predecessor of appellant herein. In that case, as in this, property used in or incident to the operation of the street railroad was assessed and apportioned by the state tax authorities and certified to the county court as provided by the railroad tax statutes. The county court in that case, as in the districts here in question, levied school taxes at the local rate of each district on the property situated in that district, instead of at the average rate as provided in the railroad school-tax statute. Plaintiff obtained judgment in the circuit court for the amount sued for, with interest, penalties and costs. Construing the above Act of March 11, 1897, and passing upon the identical question now before us, this court in banc, speaking through BRACE, J. (161 Mo. 198, 199, 200), said:

"Prior to this enactment [Act of March 11, 1897] the whole property of a street railroad was subject to assessment for taxes, by the local authorities. The effect of this act in that respect was simply to change the assessing authority from them to the State Board of Equalization, and we know of no reason why this might not have been done. This brings us to the levy.

"The manner provided by law for the levy of school taxes upon the property of other railroads is as follows:

"'For the purpose of levying school taxes, . . . in the several counties of this state, on the roadbed, rolling-stock, and movable property of railroads in this state, the several county courts shall ascertain from the returns in the office of the county clerk the average rate of taxation levied for school purposes, . . . by the several local school boards or authorities of the several school districts throughout the county. Such average rate for school purposes shall be ascertained by adding together the local rates of the several school districts in the county, and by dividing the sum thus obtained by the whole number of districts levying a tax for school purposes, and shall cause to be charged to said railroad companies taxes for school purposes at said average rate on the proportionate value of said railroad property so certified to the county court by the State Auditor, . . . and the said clerk shall apportion the said taxes for school purposes, so levied and collected, among all the school districts in his county, in proportion to the enumeration returns of said districts; provided, that all lands, workshops, and warehouses, and other buildings and personal property belonging to such railroad company lying in any school district, shall be taxed at the same rate as other property in such district, and the school taxes . . . thereon shall go to the district in which such lands, depots, workshops, or buildings are situate.' [Sec. 7732, R. S. 1889; now Sec. 10029, R. S. 1929.]

"The defendant's contention is, that, as the whole of its property was assessed under this act, in the manner that the distributable property of steam railroads is required to be assessed, the school taxes ought to have been levied thereon at the rate prescribed by the statute for that class of the property of such railroads, that is, at the average rate of the several school districts throughout the county, instead of, as they were, at the rate levied upon other property in each district, and that if the school taxes had been so levied they would have been several thousand dollars less than they are.

"There would be much force in this contention, if the law went no further than the clauses we have been hitherto specifically considering, but this contention and the argument in support of it leaves out of view the first clause of Section 2, containing the dominant idea of that section, which is: 'The said property returned to the State Auditor as by the first section of this act required, *shall be*

*subject* to taxation for state, county, municipal and other purposes *to the same extent* as the real and personal property of private persons.'

"This clause of the act furnishes a complete and satisfactory answer to the argument in support of this contention. The only way that defendant's property could be subject to taxation for school purposes to the same extent as the property of private persons, was by levying the same rate therefor on its property in each district as was levied upon the property of private persons. At these rates the taxes sued for were levied, and having been, as we have seen, assessed and levied in accordance with the requirements of this act, the judgment of the circuit court ought to be affirmed, and it is accordingly so ordered.'

Neither these statutes nor the exact question here presented were under consideration in State ex rel. Union E. L. & P. Co. v. Gehner, 315 Mo. 666, 285 S. W. 117, or in State ex rel. Union E. L. & P. Co. v. Baker, 316 Mo. 853, 293 S. W. 399. Hence, these cases cannot be said to have overruled the Gottlieb case. The construction thus placed upon the Act of March 11, 1897, more than thirty years ago has been uniformly followed by the taxing authorities, reincorporated by the General Assembly without change or amendment into three subsequent revisions of the statutes, and until the advent of the instant case this court has not been asked to rule otherwise. Under similar circumstances in Ex parte Carey, 306 Mo. 287, 294, 267 S. W. 806, we said:

"The construction has therefore become a part of the statute itself. If the statute as so construed does not measure up to the requirements of adequate law enforcement, as now conceived, the remedy lies with the Legislature rather than with this court."

We have uniformly so ruled. [Handlin v. Morgan Co., 57 Mo. 114, 116; Easton v. Courtwright, 84 Mo. 27, 34; Sanders v. St. Louis & N. O. Anchor Line, 97 Mo. 27, 30, 10 S. W. 595; State v. Hamey, 168 Mo. 167, 194, 67 S. W. 620; Murphy v. Wabash R. Co., 228 Mo. 56, 86, 128 S. W. 481; State ex inf. Gentry v. Meeker, 317 Mo. 719, 723, 296 S. W. 411.] Such is the weight of authority. [Sutherland on Statutory Construction (2 Ed.) sec. 403; 36 C. J. 1153; 25 R. C. L. 1075; Green v. The Lessee of Neal, 6 Pet. l. c. 297, 298, 8 U. S. (L. Ed.) 405; Shelby v. Guy, 11 Wheat, l. c. 367, 6 U. S. (L. Ed.) 497; Thornton v. Duffy, 254 U. S. 361, 368.] We have carefully considered the criticisms offered under appellant's first and second points of our construction of the Act of March 11, 1897, in the Gottlieb case. However we might construe these sections if they were now before us on first impression, it is sufficient to say that they are not incapable of the construction then judicially given them and legislatorially adopted. If at the time the law was enacted there was any room for doubt as to the legislative intent it has long since

disappeared in view of the legislative sanction given this construction under which the law has proved workable. If this sanction is removed it should be by legislative rather than judicial intervention.

Counsel for appellant next assert that the construction given in the Gottlieb case "would render the assessment and levy under which respondent seeks to recover absolutely void because said assessment and levy was not made in the manner prescribed by law for the taxation of the property of private persons." Counsel apparently misconceive the construction given in that case. It did not purport to differentiate the assessment of street railroad property returnable to the state taxing authorities from the assessment of property so returned by other railroads, and it only affected the school levy with respect to the rate that should be applied. The *time* and *manner* in which property so returned should "be assessed, apportioned, certified and the taxes thereon levied and collected" were to be the same as that "provided by law for the assessment and taxation of other railroad property," except that the rate of levy applied should be the same as the rate applicable to "the real and personal property of private persons." It appears from appellant's statement of the case that it contended at the trial that the evidence "showed that all of the steps provided by the statutes of this State for taxing distributable railroad property were followed in assessing, apportioning, certifying and taxing appellant's property, *except* that in making levies for school purposes the local rates of the Kansas City and Independence school districts, instead of the average rate of all the school districts in the county levying school taxes, were applied." Appellant's contention now made under this point seems to be groundless and it is overruled.

Appellant next insists that the judgment will have to be reversed because respondent's cross-petition "does not state facts sufficient to constitute any cause of action for the recovery of taxes against the property of private persons, and the judgment rendered herein is void upon its face because it does not comply with the laws of this State regarding judgments rendered in actions for the recovery of taxes against the property of private persons."

Appellant's taxable property here under consideration is in no sense the property of a private person. It is the property of a street railroad, and the Gottlieb opinion does not intimate that it should be considered otherwise. The fact that it is subject to taxation "to the same extent" or at the same rate "as the real and personal property of private persons" in nowise indicates that judgment for the recovery of taxes must be had according to the procedure provided by law for the recovery of taxes against the property of private persons. Respondent properly followed the statutory form of petition (Sec. 13041, R. S. 1919; now Sec. 10039, R. S. 1929), for which provision is made in suits against railroads for the recovery of taxes.

Such a petition states a cause of action (State ex rel. Hamilton v. Railroad Co., 113 Mo. 297, 301, 21 S. W. 14), and the judgment here rendered is within the pleading and sufficient.

Counsel for appellant also say that the levy of school taxes against its property at the local rates, as required by the Gottlieb decision, constitutes an arbitrary, unreasonable and unfair discrimination against appellant, because a greater amount of tax is thereby imposed upon its property than was imposed at the same time on property of the same general character and class for the same purpose, and by reason thereof appellant has been denied the equal protection of the laws and is deprived of its property without due process of law in contravention of Section 1 of the Fourteenth Amendment to the Constitution of the United States, and of Section 30, Article II, of the Constitution of Missouri; and that said tax is illegal and void because not uniform as required by Section 3, and because said property of appellant was not taxed in proportion to its value as required by Section 4 of Article X of the Constitution of Missouri.

These constitutional objections were raised and pertinent facts pleaded, as we have already indicated, in the petition for injunction. In Cummings v. National Bank, 101 U. S. 153, 157, 158, the court said that independent of a statute authorizing such procedure, "we are of opinion that when a rule or system of valuation is adopted by those whose duty it is to make the assessment, which is designed to operate unequally and to violate a fundamental principle of the Constitution, and when this rule is applied not solely to one individual, but to a large class of individuals or corporations, equity may properly interfere to restrain the operation of this unconstitutional exercise of power." In that case the taxing authorities were proceeding under a state statute and the doctrine stated was held applicable. To the same effect are National Bank v. Kimball, 103 U. S. 732, 735; People v. Weaver, 100 U. S. 539; and Pelton v. National Bank, 101 U. S. 143. Here the alleged discrimination is said to arise not from the assessment, but from the rate of levy required by the statute as now construed to be applied. If an unlawful discrimination against appellant's property is thereby necessarily produced it seems clear that the same equitable remedy by injunction would exist, and respondent's plea set up in his answer and cross-petition that "plaintiff's petition fails to state facts sufficient to constitute a cause of action at law or in equity and fails to state any grounds whatsoever for equitable relief," should be overruled.

The above mentioned constitutional questions obviously spring from the assumption that appellant's property returned to the state taxing authorities, together with the distributable property of railroads, and that of telegraph, telephone, electric power and light

companies, electric transmission lines, oil pipe-lines and express companies so returned, constitute a separate class of property, all of the same kind and set apart from all other property for the purpose of taxation. Such assumption is erroneous. In State ex rel. Tompkins v. Shipman, 290 Mo. 65, 77, 234 S. W. 60, we said:

"So far as the basis of taxation is concerned Section 4 of Article X puts *all* property into a single class. By *all* property is meant not only real and personal property, but the divers kinds of each. There are divers classes or kinds of personal property, but they each and all fall within the term 'all property' used in said Section 4 of Article 10, supra, for the purpose of taxation. So that as to property the Constitution itself has made for purposes of taxation a single class, and the lawmakers are powerless to subdivide. That class, so fixed by the organic law, is 'all property subject to taxation' and the method of its taxation shall be 'in proportion to its value.' Property subject to taxation includes everything in the shape of property save the exemptions made by Section 6 of Article X. When the Constitution makes a single class, the law-making power has no constitutional right to change or subdivide that class for the purpose of taxation, and this is what the Act of 1917 undertakes to do. This constitutional provision (Sec. 4, Art. X) never contemplated that the property covered by the Act of 1917, should be separated from 'all property,' and placed in a class to itself for purposes of taxation. Excises have not been thus dealt with in the Constitution. But property has been put off to itself (as one subject of taxation) and its method of taxation fixed."

Consistent with the principle above stated, Section 13007, Revised Statutes 1919 (now Sec. 10017, R. S. 1929), empowers the state board for the assessment and equalization of railroad property, composed of the Governor, Secretary of State, State Auditor, State Treasurer and Attorney-General, to assess, adjust and equalize the valuation of railroad property required by Section 13002, Revised Statutes 1919 (now Sec. 10012, R. S. 1929) to be returned to the State Auditor, but upon the same basis that all property in the State is required to be assessed, that is, "in proportion to its value." As indicated in the Gottlieb case and other cases, the sole purpose of this plan was to provide a means or agency for the assessment of such property "as an entirety." The effect of the Act of March 11, 1897, with respect to assessment of street railroad property required to be so returned, as said in the Gottlieb case, was simply to change the assessing authority from the local authorities "to the State Board of Equalization, and we know of no reason why this might not have been done." In this case no unlawful discrimination· is alleged to have resulted therefrom.

With respect to rates to be levied on property of railroads so returned, local rates are applicable except as otherwise provided in Section 13031, Revised Statutes 1919 (now Sec. 10029, R. S. 1929), which statute among other things provides that for the purpose of levying school taxes the county court shall apply the average rate of taxation levied for school purposes "ascertained by adding together the local rates of the several school districts in the county, and by dividing the sum thus obtained by the whole number of districts levying a tax for school purposes." This method of regulating the levying of school taxes on the property of railroads assessed by state authorities has been held constitutional in State ex rel. Brown v. Mo. Pac. Ry. Co., 92 Mo. 137, 6 S. W. 862; Chicago & Alton Railroad Co. v. Lamkin, 97 Mo. 496, 10 S. W. 200, and other cases, and in the instant case appellant does not say that it is unconstitutional. On the contrary, if we understand the gist of appellant's position with reference to the constitutional questions raised, it is that the law is unconstitutional because as construed in the Gottlieb case it does not require the application of this method of levying school taxes to its property.

Treating, as we must, this judicial construction as now a part of the statute, it is evidently the legislative intent that this method should not be applied to street railroad property, and we think such exercise of legislative discretion is not without reasonable justification. As pointed out in State ex rel. Union E. L. & P. Co. v. Baker, 316 Mo. 853, 860, 293 S. W. 399, the law providing for the assessment of railroad property limits the property to be returned to the state authorities to certain specified and other like kinds of "movable property owned, used or leased" by railroads (Sec. 13002, R. S. 1919; now Sec. 10012, R. S. 1929), and directs (Sec. 13027, R. S. 1919; now Sec. 10025, R. S. 1929) that "all property, real, personal or mixed, including lands, machine and workshops, roundhouses, warehouses and other buildings, goods, chattels and office furniture of whatever kind, owned or controlled by any railroad company or corporation in this State not hereinbefore specified," shall be assessed by local authorities. The property first described is generally and properly referred to as "distributable" and the latter as "local." The language of the statute providing for the assessment of property of telegraph, telephone, electric power and light companies, etc., construed in the Baker case, is readily adaptable, as there held, to the specifications of property in the railroad assessment statutes. But the scope of the statute providing for the assessment of street railroad property (Sec. 10018, R. S. 1929 heretofore quoted in full) is far from identical. It requires such corporations to return to the state authorities all property, real, personal or mixed, owned, used or leased by them which may be used in or incident to the operation of their street railroads. Whether all of such property should be

treated as "distributable" and assessed by state authorities is a legislative question with which we are not concerned. The property thus required to be returned is so different in kind from that so returned by railroads that the Legislature seems well justified in subjecting it to the local tax rate levied for school purposes, and in so doing we think none of the constitutional provisions above cited are violated.

Counsel for appellant finally say: "The school tax levies in Kansas City and Independence school districts were based on assessments in excess of the value of appellant's property apportioned to Kansas City and Independence and are consequently void." It does not appear from the record before us that any such ground was alleged in the petition or brought to the attention of the trial court in the motion for a new trial, hence, it is not before us for consideration.

For the reasons above stated the judgment is affirmed. All concur, except *Henwood* and *Ellison, JJ.,* not sitting.