THE STATE ex rel. HENRY E. PERKINS et al. v. HENRY B. LONG et al.

In Banc, June 28, 1918.

1. **APPEAL: By Relators in Quo Warranto.** The individuals at whose request a proceeding in the nature of *quo warranto* has been instituted by the prosecuting attorney to determine the right of respondents to exercise the powers of school directors have the right to prosecute an appeal after said proceeding has been dismissed.

2. ———: **Affidavit: Made By Agent.** An affidavit for an appeal, made by appellants' attorney as their agent and containing the required statutory allegations, is sufficient.

3. **PLEADING: Liberally Construed.** The common-law rule that pleadings must be strictly construed against the pleader has, by statute, been either modified or abrogated in favor of liberal construction. Even upon demurrer it is permissible to infer all facts from those expressly stated that may be implied by fair and reasonable intendment.

4. ———: **Consolidated School District: Answer: Exact Date of Filing of Petition.** Where the information in a *quo warranto* contains only the general charge that the proceedings "were irregular, contrary to the requirements of the law and void," an averment in the answer that a petition for the establishment of the consolidated school district was filed with the county superintendent in January, 1916, is sufficiently exact upon demurrer, even in view of the rule that the answer of respondents must contain definite denials of the allegations of the information and affirmative declarations of their rights. The material averment of the filing have been made, objection to the failure to allege the exact date should be made by a motion to make more definite and certain.

5. ———: ———: ———: **Meeting of Voters.** Where the answer avers that ten notices of the time, place and purpose of a meeting of the voters of the proposed consolidated school district and five plats of its boundaries were posted for fifteen days in public places, and that in pursuance to them a meeting of the voters was held at two o'clock in the afternoon of a certain date thereafter, and the information in no wise challenges the fact of the giving of notices, the presumption obtains that the notices specified the exact time when the meeting was to be held. and that the meeting was commenced and held at that time in conformity with the statute.

6. ———: ———: ———: ———: **Called to Order By Superintendent.** All other requisites to the holding of a valid meeting of the voters to determine the question of the formation of a consolidated school district having been complied with, the absence from respondents' answer, in the *quo warranto* proceeding, of an averment that such meeting was called to order by the county superintendent, will not invalidate the district or authorize a demurrer to the answer. That statutory requirement is directory.

7. ———: ———: ———: **Two Hundred Children.** If the answer of respondents contains an averment that the consolidated school district has an area of twelve square miles, it is not defective because it contains no averment that there were two hundred children of school age within its boundaries. The jurisdictional requirement of the statute is in the alternative,

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Henry E. Perkins, F. B. Ellis, E. C. Hall* for appellants.

(1) The demurrer and motion for judgment on the return should have been sustained. The court erred in overruling them, because: (a) The return fails to show that a proper petition was presented. Laws 1913, p. 722. (b) The return fails to show that a meeting was held in the proposed district, or where it was held. (c) The return fails to show that a meeting was held pursuant to such notices. *State v. Potter,* 191 S. W. 57. (b) The return fails to show that such meeting or any meeting was called to order under the supervision of the county school superintendent. Laws 1913, p. 722. (e) The return fails to show that a meeting was organized and conducted in accord with Sec. 10865, R. S. 1909. (f) The return fails to show who, if anyone was chosen as chairman, or who was secretary. (g) The return fails to show that the petition was filed with the county superintendent of the county in which a majority of the petitioners resided. Laws 1913, p. 723. (h) The return fails to show that such district contained two hundred children of school age. (i) The return fails to show what territory, with the boundaries thereof, if any, was comprised in such proposed district. (j) The return fails to show what specific proposition was submitted to the voters at the special meeting, or what territory was included therein. (2) The creative power by which such consolidated school districts are enabled to override the will and wishes of a vastly more numerous community, composed of the surrounding school districts, whose territory is being taken, without giving them a voice in the proceedings, is principally comprised in the vote taken at the special meeting. If it votes no, there can be no

organization; if it votes yes, and antecedent proceedings have been regular, the vote will give life and being to the new corporation. But to have such effect the acts must be certain, reasonably complying with the law granting the power, and designating with certainty well defined boundaries for the operation of such corporation. And unless the proposition voted on specifies the boundaries of the district sought to be formed the vote will not have the effect to create the corporation. School Dist. v. School Dist., 94 Mo. 618; Mason v. Kennedy, 89 Mo. 22. (3) Laws 1913, p. 722, require proceedings of the special meeting to be in accordance with Sec. 10865, R. S. 1909, which requires the chairman and secretary to keep a record of the proceedings. (4) Said Act of 1913, page 722, expressly requires the superintendent of schools to call the special meeting to order. This statute is mandatory. 36 Cyc. 1158-1159; Hope v. Flentge, 140 Mo. 402; State ex rel. v. Tucker, 32 Mo. App. 627; State ex rel. v. School Dist. 3, 163 Mo. App. 253; State ex rel. v. Denny, 94 Mo. App. 559. (5) The rule is that the burden is on respondents to show title to the office claimed, by both pleading and proof. State ex rel. Harris v. McCann, 88 Mo. 386; State ex rel. v. Giovanoni, 59 Mo. App. 43; Mechem Pub. Officers, secs. 490-491; State ex rel. Ewing v. Francis, 88 Mo. 561; State ex rel. Mo. Pac. Ry., 206 Mo. 40; State v. Powles, 136 Mo. 376.

*R. H. Musser, Pross T. Cross, R. E. Culver,* for respondents.

(1). The demurrer has the effect to admit all facts alleged; so that it is shown: "That none of the complainants are resident tax-payers of the consolidated school district; that the district of which respondents are directors was organized under Laws 1913, pp. 721 to 725; that a petition of twenty-five or more residents of the Grayson community petitioned the organization; that thereafter the county superintendent visited the

community, investigated the needs and determined the boundaries of a proposed district, called a meeting, gave the notices, made the plats, posted plats, filed copies of plat, petitions, etc., with county clerks and superintendents; that meeting was held; that plat was there; that a vote was had; that fifty-two voted "for organization" and twenty-five "against organization;" that district was declared organized; that respondents were thereafter elected directors and these proceedings certified as required by laws to the county clerks and superintendents of Clinton and Buchanan County; that the district contained more than twelve square miles of territory," all of which appears to be all that the law requires. Laws 1913, pp. 721 to 725; State ex inf. v. Gordon, 261 Mo. 631; State ex inf. v. Morgan, 268 Mo. 266; State ex inf. v. Cloud, 192 Mo. App. 322; State ex inf. v. Jones, 266 Mo. 191; State ex inf. v. Clardy, 267 Mo. 371; State ex inf. v. Gleaves, 268 Mo. 100; State ex inf. v. Wright, 270 Mo. 376; State ex inf. v. Smith, 271 Mo. 168; State ex. inf. v. Stouffer, 197 S. W. 79; State ex inf. v. Moss, 187 Mo. 155; State ex inf. v. Berkley, 140 Mo. 184; State ex inf. v. Francis, 88 Mo. 557; State ex rel. v. Sims, 201 S. W. 910. (2) The court is without jurisdiction to determine this appeal. (a) Sec. 2631, R. S. 1909, allows the prosecution of the information to final judgment by the relators or their attorney, so that when the information is filed, the prosecuting attorney is without right to dismiss or discontinue the case, without the consent of the complainants. In this case, final judgment was entered. Sec. 2090, R. S. 1909; 2 Ency. Plead. & Prac. 53; 23 Cyc. 1232; 13 Am. & Eng. Ency. Law (2 Ed.) 24. (b) The affidavit for an appeal was made by the attorney of the complainants, and upon its face shows that it is not made by anyone with authority to make it; appeals are purely of statutory origin, and the right of appeal must exist in the person or the agent so applying or no jurisdiction is conveyed. *Quo Warranto* is a proceeding solely for the purpose of ascertaining by what right or title respondents or

others coming within its provisions, are exercising
rights, franchises and privileges which the State in its
sovereign power can grant, and the State only is the
aggrieved party, and the State only by its properly
selected or elected representatives can take appeals.
In this case, the prosecuting attorney was satisfied with
the facts pleaded in the return and when it was ad-
judged sufficient by the court did not longer take
part in the case.   Judgment was entered, and from
that judgment the State by no authorized person has
taken an appeal.  State ex inf. v. Duncan, 265 Mo. 34.
The prosecuting attorney is by law the representative of
the State within the county that elects him, and he
prosecutes for and on behalf of the State all civil and
criminal matters of the State, but private rights or in-
juries have nought to do with the public wrongs, and
the public can only be represented through the official
of the State who performs every act, made necessary
by law, to be done on behalf of the State.   The wrong-
ful usurpation of a public office is a public wrong and
only the State can be the plaintiff and the party ag-
grieved by such action.    The State undertakes the
prosecution not to punish the private injury, but the
wrong done, the public and society is solely the object
of the State solicitude.   Sec. 2038-2040, R. S. 1909;
State ex inf. v. Taylor, 208 Mo. 442; State ex inf. v.
Standard Oil Co., 218 Mo. 345; State ex inf. v. McMil-
lan, 108 Mo. 157;  State ex inf. v. Rose, 84 Mo. 198;
Hessig v. Atty. General, 104 Ills. 292;  State v. Rail-
road, 242 Mo. 275;  State ex inf. v. Railroad, 176 Mo.
687;  Churchill v. Walker, 68 Ga. 681;  17 Ency. Plead.
& Prac., 456-488.   The relators are not parties to the
information and have no rights of their own authority
to make any application to the court.   Atty. General
v. Wright, 43 Eng. Chancery, 447; Commonwealth v.
Burrel, 7 Pa. St. 34. The relators have no vested rights
in the statute laws of the State and were without any
further right of appeal after judgment without the
consent of the prosecuting attorney.

WALKER, J.—This is a proceeding by information in the nature of *quo warranto,* to determine the right of respondents to exercise the duties of school directors. A return was filed by respondents to the information, to which the appellants demurred. This demurrer was overruled. Appellants refused to plead further, and on motion for judgment on the pleadings by the respondents, appellants' bill was dismissed, from which judgment an appeal was perfected to the Kansas City Court of Appeals. On motion of respondents, the case was transferred to this court for final determination, on the ground that a constitutional question, to-wit, "title to an office under the State was involved."

The question to be determined is the sufficiency of the answer. A better understanding of same may be had by setting forth first the material allegations of the information, which, omitting formal matters as to the official character of the prosecuting attorney at whose relation the action is brought, and that he sues at the request of the individual relators (appellants here) named, avers that "the individual relators are taxpaying citizens and voters of School Districts No. 48 and No. 51 and that said school districts are legally constituted school districts in the county of Clinton, with proper and legally elected and qualified directors, exercising lawful jurisdiction over and being interested in the territory attempted to be included into and forming a part of the proposed consolidated school district for which the respondents herein claim to be directors by virtue of an attempted organization under and by virtue of Session Laws of 1913 of Missouri at page 721. That the proceedings for the organization of such proposed district named and called 'Consolidated School District No. 1 of Clinton County, Missouri,' were and are irregular, contrary to the requirement of the law and void; that Anna L. Sims, County Superintendent of Schools, was without jurisdiction or authority to call the special meeting of voters to vote upon the acceptance or rejection of the proposed

organization of Consolidated School District No. 1 held on February 25, 1916, at the village of Grayson in the school house of District No. 49; that such meeting was not convened and organized as required by law; that the plat of such proposed consolidated district was not made after a visit to such community by said county superintendent to determine the exact boundaries thereof and said boundary lines were not located according to her own judgment as to form the best possible consolidated district and were not made with due regard to the welfare of adjoining districts; but, on the contrary, the same were established by interested parties, in fact, making the plat thereof and improperly influencing said superintendent to adopt the same, although it would cause injury to adjoining districts; that the said special meeting was not properly organized by being opened by the said county superintendent or some one deputized by her and the plat of the proposed consolidated district and was not sent or taken to and exhibited at said meeting for the use of voters; that said proposed consolidated school district did not contain within its boundary lines two hundred children of school age. That the defendants or respondents herein, to-wit, Henry B. Long, Paul M. Culver, John G. Jones, Henry F. Bland, Shelby Elliott and A. E. Smiley, ever since the 25th day of February, 1916, have claimed and do now claim that they were at said meeting elected directors for said proposed consolidated school district and have been and do now unlawfully usurp the office of school directors, and have used and now still use and exercise, without legal authority, warrant, power or right whatsoever, the office of directors and authority over territory including portions of said School Districts No. 48 and No. 51, and for and during said time have claimed and still claim, without legal warrant, grant or right whatsoever, the office of school directors over territory belonging to said Districts No. 48 and No. 51, and do have, use and enjoy all the rights, liberties, privileges and franchises of the said pretended office of school di-

rectors of said proposed Consolidated School District No. 1, without authority of law and contrary to the statutes in such cases made and provided.''

This is followed by the usual prayer for relief authorized in preceedings of this character.

The respondents, for their answer and return say:

''That they are the duly elected and qualified directors of Consolidated School District No. 1 of Clinton County, Missouri. That the said W. A. Hord, W. L. Scearce, Newt. Hiett, E. H. Marshall and J. L. Pulliam are not taxpaying resident voters of the said Consolidated School District No. 1, nor have School Districts No. 48 and No. 51 any territory over which such school districts are exercising jurisdiction, that Consolidated School District No. 1 is exercising jurisdiction over. Respondents say that Consolidated School District No. 1 was duly organized under and by virtue of Session Laws 1913, at page 721; that on the ———— day of January, 1916, there was filed with Anna L. Sims, County Superintendent of Schools, a petition of more than twenty-five citizens of the community near Grayson, Mo., and thereafter said county superintendent visited the community and investigated the needs of the community and determined the boundaries for a proposed consolidated district, so locating the boundary lines as in her judgment formed the best possible consolidated district, having due regard also to the welfare of the adjoining districts, and then called a special meeting of all the qualified voters of the proposed consolidated district for considering the question of such proposed consolidation, making the said call by posting within the proposed district ten notices in public places stating the time, place and purpose of such meeting, at least fifteen days before the meeting was called at 2 p. m. of February 25, 1916. That at the time of posting said notices said county superintendent also posted with said proposed consolidated district at least fifteen days prior to the date of the special meeting five plats, and notices were posted

within thirty days after the filing of the petition aforesaid, and said county superintendent filed a copy of the petition and plats with each the county clerks of Clinton and Buchanan County, Missouri, and sent one plat to the said special meeting. A certified copy of the proceedings of the said meeting is hereto attached and made part hereof. That at the meeting aforesaid the proposition for the organization of consolidated school district received fifty-two votes and against the organization received twenty-five votes, whereupon said Consolidated School District No. 1 of Clinton county, Missouri, was duly declared created and existing, and that the proceedings of said meeting were properly certified by the chairman and secretary of said meeting to the county superintendent of schools and county clerks of each Buchanan and Clinton County on July 25, 1916.

"That thereafter at the said meeting these respondents were duly elected directors of the said school district as follows: Henry B. Long and Paul M. Culver for three years; John G. Jones and Henry T. Bland for a term of two years, and Shelby Elliot and A. E. Smiley for a term of one year, the last named by reason of expiration of their term on April 4, 1916, were re-elected at the school election on said date, for a term of three years, and are duly qualified and acting as such.

"Respondents say that they deny all the allegations in the information and complaint herein not specifically admitted by them, and deny that there was any act or thing done by any person or persons which in any wise makes void the organization of Consolidated School District No. 1 of Clinton County, Missouri, and allege the fact to be that all proceedings had therein were in compliance with the law and were publicly done and that the complainants had full knowledge and information of all matters and things at the time they were done, and were present at the special meeting and at a special election called and held on the —— day of —— 1916, and at the regular annual election of said school district, all duly qualified

voters resident of the said consolidated school district voted and participated therein and that all acts and things done with respect to the organization of said school district, and all elections thereafter and the elections of officers, have all been done as required by law, and respondents deny that the complainants or anyone for them have a lawful right to make further inquiry thereunto.

"That said consolidated school district is a district of more than twelve square miles of territory, and that its territorial limits include what was prior to its organization territory of other school districts and of Districts 48 and 51, as said districts were bounded prior to said organization, and over which territory (the territorial limits of Consolidated School District No. 1) said district, by its board of directors, these respond- ents, now have and are exercising sole and exclusive control, all of which is being lawfully and rightfully done.

"Wherefore the respondents pray the judgment of the court dismissing the complaint and information and denying the issuance of the State writ of *quo warranto* and that they be discharged and go hence without day and the costs hereof be taxed against the complainants or informers therein."

To this return relators filed the following demurrer:

"First; Because said return is insufficient.

"Second: Because said return fails to state facts sufficient to show the creation of the consolidated school district for which respondents claim to be acting direc- tors.

"Third: Because said return shows on its face a failure to comply with the provisions of the Acts of 1913, page 721, under which respondents claim."

Upon the overruling of this demurrer, appellants filed a motion for judgment of ouster upon the plead- ings against all of the respondents. This motion was overruled, and appellants refusing to plead further, but standing on their demurrer and motion for judg- ment, the court ordered that their bill be dismissed,

and that the writ of *quo warranto* which had been issued therein, be quashed, and that respondents have judgment for their costs, etc.

Appellants urge, in support of their demurrer, that the answer and return fails to state:

1.   The exact date on which the petition was filed.

2.   Or that a meeting was held pursuant to such notices.

3.   Or that the meeting was commenced at 2 o'clock p. m. on the date set.

4.   Or that the meeting was called to order. by the county superintendent of schools or. some one deputized by her to call the same to order.

5.   Or that the meeting was organized and a record of proceedings kept (except inferentially by saying the proceedings were certified).

6.   Or that there were 200 children of school age in the boundaries established.

7.   Or that a majority of the petitioners were residents of Clinton County and all qualified voters.


I.   It is contended that the appellants had no right to prosecute an appeal of this case after the overruling of their demurrer.   This proceeding was brought under Section 2631, Revised Statutes 1909. The prosecuting attorney, under this section, is clothed with the power to determine the propriety of bringing an action of this character, but after he has exercised his discretion and the suit has been brought, he is not permitted to dismiss or discontinue it without the consent of the individual at whose request it was brought.   In short, where the action was instituted not *ex officio* but upon request, the individual is the real party in interest and the prosecuting attorney (State ex inf. v. Taylor, 208 Mo. l. c. 452) an instrumentality.   The statute, otherwise construed, would present the anomaly of authorizing the assertion in the courts of a right, and while forbidding the official in whose name it was required to be brought to dismiss or discontinue same, upon his failure or refusal to

*Appeal.*

prosecute it to a final determination, to preclude the real party in interest from so doing. Such a ruling would nullify the statute and limit its effective application to such cases only as are brought by an officer on his own initiative. A reasonable construction of the statute, and one which accords with justice and right, is that where a prosecuting attorney institutes an action of this character upon request, and the court in its discretion permits the same to be brought (State ex inf. v. McClain, 187 Mo. 1. c. 412; State ex rel. v. Rose, 84 Mo. 1. c. 202), regardless of the attitude thereafter of the prosecuting attorney, the real party in interest may prosecute it to a final determination. This is in accord with that well established rule, consistent with reason, that a statute should be so construed as to render it operative.

The objection made to the form of the affidavit for appeal is frivolous. The affidavit is made by appellants' attorney as their agent, and contains the required statutory allegations (State ex rel. v. Broaddus, 210 Mo. 14, 16.). There is, therefore, no merit in this contention.

II. Preliminary to a consideration of the issue involved, it is not inappropriate to advert to the fact that the common-law rule that pleadings must be most strongly construed against the pleader has, by the codes, been either modified or abrogated in favor of liberal construction. Our own statute (Sec. 1831, R. S. 1909) provides in this regard that: ''In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties.'' This statute has received frequent judicial application. [Thompson v. Livery Co., 214 Mo. 487; Lee v. Railway, 195 Mo. 400; Ackerman v. Green, 195 Mo. 124; Sidway v. Mo. Land etc. Co., 163 Mo. 342; Baird v. Cit. Ry. Co., 146 Mo. 265; Vogelgesang v. St. Louis, 139 Mo. 127; Overton v. Overton, 131 Mo. 559.] Even on demurrer, it is held

*Pleading.*

permissible to infer all facts from those expressly stated, that may be implied by fair and reasonable intendment. [Hood v. Nicholson, 137 Mo. 400; Embree v. Patrick, 72 Mo. 173.]

The general rules thus announced may serve as hallmarks to guide us in determining the sufficiency of the pleading under review. The purpose of the statute authorizing the establishment of consolidated school districts is to give children opportunities for more extended education than is now afforded by the common schools. Under this statute, the people in the rural districts are enabled to establish and maintain high schools, heretofore confined to our cities and towns. The increased opportunities these districts afford will tend to stimulate a desire for higher education, which will ultimately result in an increase in the enrollment of students at our State University and Normal Schools.

Keeping the purpose of the law in view, therefore, and the results that may reasonably be expected to follow proceedings thereunder, we are authorized, without violating any canon of construction, to liberally construe the pleading under review.

III. It is contended that the exact date of the filing of the petition with the County Superintendent of Schools for the establishment of the consolidated district, should have been stated in the answer. Not only does such filing affirmatively appear, but it is stated to have been made in January, 1916. Looking to the information filed by the appellants, and to which this answer is intended to respond, we find no specific allegation as to a lack of the filing of the petition for the establishment of consolidated district with the county school superintendent. The information contains only a general averment of unauthorized action by the county superintendent. This is, at best, but a conclusion. Proceeding on the assumption, however, no demurrer having been filed to the information, that the answer herein shall contain definite denials of the allegations of the information

and affirmative declarations of the rights of the respondents (State ex inf. v. Clardy, 267 Mo. l. c. 381), we find that the averment of such filing having been made, the requirements of the law are sufficiently complied with. The material fact appearing to have been pleaded, the objections to the failure to allege the exact date should have been submitted by a motion to make more definite and certain, instead of a demurrer.

The contention that a meeting of the voters of the proposed consolidated district was not held in pursuance of the requirement of the statute, is met by the presence in the answer of an averment that such meeting was so held. The notice of the time, place, and the purpose of such meeting is likewise stated to have been given by the posting of such notices. No specific allegation appearing in the petition challenging the fact of the giving of such notices, the presumption obtains not only that they conformed to the requirements of the statute in specifying the exact time when the meeting was to be held, but that it was commenced and held as therein stated. All the other requisites to the holding of a valid meeting to determine the question of the formation of the district having been complied with, the absence from the pleading of an affirmative statement that such meeting was not called to order by the County Superintendent of Schools will not be held to invalidate the formation of the district. Such requirement is in no sense jurisdictional, and the failure of the superintendent to comply with same can work no prejudice to those whose interests are to be affected. We, therefore, hold this requirement of the statute, under the facts in this case, to be directory.

*Meeting of Voters.*

The averment that the proceedings of the meeting were certified to by the chairman and secretary to the County Superintendent of Schools and county clerks of Buchanan and Clinton counties constitutes a sufficient statement as to the organization of the meeting, and that a record of the proceedings was kept. There could, in the very nature of things, have been no formal

certification such as is alleged to have been made, and as is required by law, unless there was something to certify.

It is urged that there is no averment that there were two hundred children of school age in the boundaries of the district sought to be established. This, as we held in State ex inf. Simrall v. Clardy,

**Area and Children.** supra, is a jurisdictional requirement in the organization of the district (Laws 1913, p. 722, Sec. 3). If it was unqualified or stood alone, the absence of its averment from the pleading would render the latter insufficient, and hence subject to demurrer. We find, however, that the requirement is in the alternative; the statute being that the district to be organized shall have an area of twelve square miles, or an enumeration of at least two hundred children of school age. The averment as to area in regard to the proposed district is definitely made, and hence the contention must fail.

It sufficiently appears that the petitioners were not only residents of the counties, but of the original districts out of which the consolidated district was formed, and the contention in regard to the lack of definiteness in regard to this averment must, therefore, be overruled.

The substantial requirements of the law having been complied with in the answer, the overruling by the trial court of the appellants' demurrer thereto was authorized, from which it follows that the judgment should be affirmed. It is so ordered. All concur.