THE STATE ex inf. NORTH TODD GENTRY, Attorney-General, v. DAVID MEEKER et al.—296 S. W. 411.

Court en Banc, June 27, 1927.

1. CONSOLIDATED SCHOOL DISTRICT: Fifty Square Miles or Two Hundred Children: Alternative. The statute (Laws 1925, p. 331) declaring that no consolidated school district shall be formed "unless it contains an area of fifty square miles or has an enumeration of at least two hundred children of school age" means that a consolidated district having two hundred children of school age, but an area of less than fifty square miles, may be legally organized. The conditions are in the alternative, and the statute means that if one is present the absence of the other does not make the organization illegal.

2. ———: Statute: Judicial Construction: Later Reenactment. The Act of 1913 (Sec. 11258, R. S. 1919) declaring that no consolidated school district shall be formed "unless it contains an area of at least twelve square miles or has an enumeration of at least two hundred children of school age" having been twice construed by this court to be in the alternative, and to mean that such district could be formed if it contained at least two hundred children of school age, although an area of less than twelve square miles, the Legislature in thereafter repealing it and reenacting it in the alternative form, with no change except to increase the area from twelve to fifty square miles, is presumed to have incorporated into it the judicial interpretation thus placed upon the alternative provisions; and therefore the words "unless it contains an area of fifty square miles or has an enumeration of at least two hundred children of school age" used in the reenacted statute (Laws 1925, p. 331) must be construed to mean that a consolidated school district which contains two hundred children of school age, although less than fifty square miles, may be legally formed.

Corpus Juris-Cyc. References: Schools and School Districts, 35 Cyc., p. 850, n. 94. Statutes, 36 Cyc., p. 1153, n. 74.

*Quo Warranto.*

WRIT DENIED.

*North T. Gentry,* Attorney-General, for Informant; *Robert L. Lamar* of Counsel.

(1) It is proper in construing a statute in order to arrive at the true legislative intent to read it in the light of all other statutes *in pari materia,* whether prior or subsequent in date of passage. A statute should be construed also in the light of a uniform policy of the Legislature with reference to such subject. 35 Cyc. 1147; State ex rel. v. Davis, 284 S. W. 470. (2) The general policy of the Legis-

lature in this State with reference to the organization of school districts, of all classes, is and always has been to fix a minimum requirement both as to enumeration and as to area or assessed valuation.   Secs. 11199, 11200, 11201, 11203, 11253, 11261, 11263, R. S. 1919. ` (3) `The `word` "or" does not necessarily signify a disjunctive or alternative.   Lewis's Sutherland on Statutory Construction (2 Ed.) pars. 377, 380, 397; United States v. Fiske, 70 U. S. 445, 18 L. Ed. 243; Witherspoon v. Jernigan (Tex.), 76 S. W. 445.   (4) In construing statutes the fundamental rule to be observed is to ascertain and give effect to the purpose of the Legislature.   Under that rule the court may reject the words and figures when necessary to give effect to the manifest intention of the framers of the statute. Mere verbal inaccuracies, or clerical errors in statutes in the use of words, or numbers, or in grammar, spelling or punctuation, will be corrected by the court whenever necessary to carry out the intention of the Legislature as gathered from the entire act.   State ex rel. Consolidated School District v. Hackmann, 258 S. W. 1011.   (5) Where a statute is prohibitory in its nature and forbids the doing of a certain act unless certain conditions precedent are complied with, such conditions are concurrent, and if through loose or inaccurate phraseology they are connected by the word "or" the word "or" should be read "nor" or "and" unless the clear, unmistakable and unequivocal intention of the Legislature is otherwise.   United States v. Fiske, 70 U. S. 445, 18 L. Ed. 243; Lewis's Sutherland on Statutory Construction (2 Ed.), par. 377, 380, 397; Rice v. Ashland County, 108 Wis. 189, 84 N. W. 189; Witherspoon v. Jernigan, 76 S. W. 445; Maylone v. City of St. Paul, 42 N. W. 88; Weston v. Layhed, 14 N. W. 892; Murray v. Keyes, 36 Pa. 384; Foster v. Commonwealth, 8 Watts & S. 77; Canne v. Railroad, 23 N. W. 856; McConkey v. Superior Ct., 56 Cal. 83, Standard Co. v. Atty. Gen., 46 N. J. Eq. 270, 19 Atl. 753.   According to the rule established by the above authorities, Sec. 11258 of the Act of 1925, Laws 1925, p. 331, which is the section under dispute in this case, absolutely requires as conditions precedent to the organization of a consolidated school district that such proposed district contain an area of at least fifty square miles, and also that it contain at least two hundred children of school age.   These conditions are jurisdictional and concurrent, and both must be complied with to authorize a lawful consolidation.

*Hiett, Lamar & Covert* for respondents.

(1). The word "or" is ordinarily employed to indicate an alternative, as one or the other, but not both of two or more things.   The word corresponds with either, as either "this or that;" that is to say, either one thing or another thing.   State v. Combs, 273 S. W. 1037;

Kach v. Fox, 75 N. Y. Supp. 913; Sheppard v. New Orleans, 25 So. 544; Webster's Dictionary.   (2)   In the construction of statutes words in common use should be given their plain, ordinary and natural meaning.   Sec. 7058, R. S. 1919; McFarlan v. Railroad, 94 Mo. App. 366; Dworkin v. Insurance Co., 285 Mo. 363; Smith v. Railroad, 143 Mo. 33; State ex rel. v. Gordon, 266 Mo. 394; State ex rel. v. Wilder, 206 Mo. 541.   (3)   Where there is no ambiguity in the words of the statute there is no room for construction.   Trefny v. Eichenseer, 262 Mo. 437; 36 Cyc. 1114; State ex rel. v. Wilder, 206 Mo. 549.   (4)   Secs. 11109, 11200, 11203, 11253, 11261, 11263, R. S. 1919, cited by the relator, do not apply to a consolidated district organized under the provisions of the Act of 1913, as amended in 1921, Laws 1921, page 654, but apply to common school districts and other consolidated school districts organized under other provisions of the school law.   State ex inf. v. Schuster, 285 Mo. 399; State ex inf. v. Scott, 264 S. W. 371.   (5)   The Act of 1913, as amended in 1925, is a later expression of the legislative will than are the sections referred to in the above paragraph by the relator, and it by implication repeals all the provisions of the school law inconsistent with it.   State ex inf. v. Scott, 264 S. W. 371; State ex rel. v. Wells, 210 Mo. 601; 36 Cyc. 1073.   (6)   The Act of 1913, pertinent to the matter in question, was construed by this court in the following cases:   State ex inf. v. Clardy, 267 Mo. 371; State ex rel. v. Long, 204 S. W. 914.   At the time the Legislature passed the Act of 1925, it knew the construction put on said section by the Supreme Court and enacted it in the same words as were in the Act of 1913, so far as this controversy is concerned.   When the Supreme Court construes a statute and that statute is afterwards re-enacted or continued in force without any change in its terms, it is presumed that the Legislature adopted the construction given to it by the court.   Handlin v. Morgan County, 57 Mo. 114; Camp v. Railroad, 94 Mo. App. 272.

ATWOOD, J.—This is an information in the nature of a *quo warranto* by the Attorney-General against respondents who claim to be the duly elected, qualified and acting directors of Consolidated School District Number Four of Texas County, Missouri.   Respondents made return to writ issued on relator's petition, and relator filed demurrer thereto, followed by motion for judgment on the pleadings. The issue presented is the validity of the organization of said consolidated school district, and the case turns on the construction to be given Section 11258, Revised Statutes 1919, as repealed and re-enacted in Laws of Missouri 1925, page 331.

Section 11258 as originally enacted in 1913 was as follows:

"No consolidated district shall be formed under the provisions of the article unless it contains an area of at least twelve square miles

317 Mo. Sup.—46.

or has an enumeration of at least two hundred children of school age;
*Provided,* that no district formed under the provisions of this article
shall include within its territory any town or city district that at the
time of the formation of said consolidated district has by the last
enumeration two hundred children of school age.''

This section was repealed in 1925 and the following section enacted
in lieu thereof:

''No consolidated district shall be formed under the provisions of
this article unless it contains an area of fifty square miles or has an
enumeration of at least two hundred children of school age.  Pro-
vided, that no district formed under the provisions of this act shall
include within its territory any town or city district that at the time
of the formation of said consolidated district has by the last enumer-
ation five hundred children of school age.''

It will be observed that there are three conditions or prohibitions in
each section attached to the formation of consolidated school districts.
They relate to area, enumeration, and the size of any town or city
district which may be included within a consolidated district.  The
first two are connected by the word ''or'' while the third appears as
a proviso.  The pleadings in the instant case purport to show that
said consolidated school district was organized March 31, 1926; that
''it does not contain fifty square miles in area, but that it does con-
tain an enumeration of more than two hundred children of school
age and does not include within its territory any town or city dis-
trict at the time of its formation which had by its last enumeration
five hundred children of school age.''  Relator contends that the
above prohibitions are concurrent; that none may be contravened,
and that respondents' admission that said purported district ''does
not contain fifty square miles in area'' discloses a fatal defect in the
attempted organization of said consolidated school district.  Respond-
ents, on the other hand, insist that the first two prohibitions, being
connected by the word ''or,'' should be read and understood as alter-
native; that as used in the Act of 1913 they were so construed in
State ex inf. v. Clardy, 267 Mo. 371, and State ex rel. v. Long, 204
S. W. 914, and that the failure of the district to contain fifty square
miles in area is no bar to its valid organization.

In State ex inf. v. Clardy, supra, decided March 30, 1916, Com-
missioner Railey, having under consideration only the first two pro-
hibitions in the above Act of 1913 and speaking for Division One
of the Supreme Court, held, on a record barren of proof that the
proposed consolidated district had an enumeration of at least two
hundred children of school age, that the proof that the area of said
proposed district contained more than twelve square miles was suf-
ficient to sustain the validity of the organization of the district as
against the objection raised.  It is true this opinion does not go into
an analysis of the statute, but it is apparent that the opposite inter-

pretation now urged by relator here was squarely brought to the attention of the court and discarded, because Commissioner BROWN expressed his dissent upon the ground that he thought the Act of 1913 required ''an enumeration of 200 as a condition of organizing under it.''

In State ex rel. Perkins v. Long, supra, also officially reported in 275 Mo. 169, decided June 28, 1918, the view of the Supreme Court en Banc as to the meaning of this statute was thus expressed by Judge WALKER (l. c. 184):

''It is urged that there is no averment that there were two hundred children of school age in the boundaries of the district sought to be established. This, as we held in State ex inf. Simrall v. Clardy, supra, is a jurisdictional requirement in the organization of the district (Laws 1913, p. 722, sec. 3). If it was unqualified or stood alone, the absence of its averment from the pleading would render the latter insufficient, and hence subject to demurrer. We find, however, that the requirement is in the alternative; the statute being that the district to be organized shall have an area of twelve square miles, or an enumeration of at least two hundred children of school age. The averment as to area in regard to the proposed district is definitely made, and hence the contention must fail.''

The Act of 1913 having thus been twice uniformly construed and never otherwise, the General Assembly in 1925 repealed and in effect reenacted the statute without change except as to the extent of area mentioned in the first prohibition and the extent of enumeration mentioned in the third prohibition, incorporating in the statute as reenacted the exact language above construed. In so doing it is presumed to have known and adopted the construction previously given these words by the Supreme Court. [Handlin v. Morgan Co., 57 Mo. 114, l. c. 116.] The rule is also thus stated in 36 Cyc. 1153-4:

''Where a statute that has been construed by the courts has been reenacted in the same, or substantially the same, terms, the Legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless it expressly provides for a different construction. So where words or phrases employed in a new statute have been construed by the courts to have been used in a particular sense in a previous statute on the same subject, or one analogous to it, they are presumed, in the absence of a clearly expressed intent to the contrary, to be used in the same sense in the new statute as in the previous statute.''

Relator supports his position with a brief admirable for its clarity and force of thought and expression. Some of the arguments there advanced would challenge our attention and consideration at length but for the legislative action above indicated and the clear applicability of this rule of construction which we consider controlling in this case.

Relator urges no other ground of attack, and from the foregoing it follows that the organization of said consolidated school district must in this proceeding be treated as valid, that respondents herein are not attempting to exercise any rights, liberties, privileges or franchises without authority, and writ of ouster should be denied.

It is so ordered. All concur, except *Gantt, J.,* not sitting.